Jacob F. Brown et als.

vs.

Mount Battie Manufacturing Company.

Knox.    Opinion November 27, 1908.

*Res Judicata.    Admission of Indebtedness.*

Where the issue raised by a plea in abatement was whether the name "Mount
Battie Manufacturing Company" and the name "Mt. Battie Mfg. Co."
were legally identical, and such issue was decided in the affirmative, *Held :*
That it then became res judicata that the "Mount Battie Manufacturing
Company" named in the writ and the "Mt. Battie Mfg. Co." were one
and the same defendant and that the defendant's admission that the
"Mt. Battie Mfg. Co." was indebted to the plaintiffs was an admission
that the "Mount Battie Manufacturing Company" was indebted to the
plaintiffs.

On exceptions by defendant.    Overruled.

Action of assumpsit on account annexed.    Plea, the general issue
and brief statement.    Cause heard before the presiding Justice with
the right of exception.    The following admission was made as a
part of the record.

"The defendant admits that the bill sued for in the writ was
contracted for by the Mt. Battie Mfg. Company with the plaintiffs
and is unpaid."    No other evidence was offered.    Thereupon the
presiding Justice ruled that "upon the admission and pleadings in
the case, and the decision of the court upon the plea in abatement
previously filed, the plaintiffs are entitled to recover and to have
judgment for the amount sued for."    To this ruling the defendant
excepted.

The case is stated in the opinion.

*Reuel Robinson*, for plaintiffs.

*J. H. Montgomery*, for defendant.

SITTING:  EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, BIRD, JJ.

SPEAR, J.  This is an action of assumpsit.  The defendant is a corporation.  The plaintiffs named the defendant as Mount Battie Manufacturing Company.  The defendant filed a plea in abatement averring a misnomer in that it should have been impleaded by the name, Mt. Battie Mfg. Co.  To this plea the plaintiff filed a replication that the name averred in the plea was but an abbreviation of the name which appeared in the writ; that there was no difference in the pronunciation of the two forms of the name and that the two forms were identical; that the plaintiff is and at the time of the purchase and service of the writ was called and known as well by the name, Mount Battie Manufacturing Company, as by the name, Mt. Battie Mfg. Co.  To this replication the defendant filed a demurrer.  The demurrer was overruled and the plea adjudged bad.  The defendant had leave to plead over upon the payment of costs from the date of his plea.  To these rulings the defendant filed exceptions.  An order from the Law Court "exceptions overruled for want of prosecution" was received and filed December 24, 1907.  The costs were paid and the defendant was allowed to file a new plea.

The case was heard by the presiding Justice who rendered judgment for the plaintiffs.  The exceptions show the following agreed statement:  "The defendants admit that the bill sued for in the writ was contracted for by the Mt. Battie Mfg. Co. with the plaintiffs and is unpaid."  No other evidence was offered.  The presiding Justice then ruled that "upon the admission and pleadings in the case, the decision of the court upon the plea in abatement previously filed, the plaintiffs are entitled to recover and to have judgment for the amount sued for."  Upon exceptions to this ruling the case comes to the Law Court.

The defendant's contention is that the plaintiff's declaration should have been amended to contain an averment that the defendants named in the plea of abatement was the same defendant named in the writ; that the admission made by the defendant did not show this.  We think otherwise.

The issue raised by the plea in abatement was whether the name Mount Battie Manufacturing Company, and the name, Mt. Battie Mfg. Co., were legally identical and was decided in the affirmative. It then became res judicata that the Mount Battie Manufacturing Company named in the writ and the Mt. Battie Mfg. Co. averred in the plea were one and the same defendant. Therefore the defendant's admission that the Mt. Battie Mfg. Co. was indebted to the plaintiffs was an admission that the Mount Battie Manufacturing Company was indebted to the plaintiffs, the two names, as already seen, having been adjudicated to indicate one and the same corporation.

*Exceptions overruled.*